UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CYNTHIA M. SNYDER** | : | **DOCKET NO.  08-621** |
| **VS.** | : | **JUDGE MINALDI** |
| **COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income benefits.  This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

### BACKGROUND

Plaintiff to this action, Cynthia M. Snyder, initially filed an application for disability insurance benefits and supplemental security income on April 20, 2004, claiming disability due to diabetes, double vision, flashes, right shoulder problems, fatigue, acid reflux, high blood pressure, decreased depth perception, and cholesterol beginning September 11, 2001.  Transcript at 16, 33.  Plaintiff's application for benefits was denied, and plaintiff requested a hearing before an administrative law judge (ALJ).  *Id.* at 16, 33.  On November 20, 2006, a hearing was held. *Id.* at 246-315.  At the hearing, plaintiff, represented by counsel, testified, along with a vocational expert and a medical expert.  *Id.*  At the outset of the hearing, plaintiff through her attorney amended her alleged onset date from September 11, 2001 to February 1, 2004.  *Id.* at 16, 248.  The ALJ issued a written decision on December 5, 2006 finding plaintiff not disabled within the meaning of the Social Security Act.  *Id.* at 16-22.

On January 23, 2007, plaintiff requested that the Appeals Council review the ALJ's decision. *Id.* at 11. The Appeals Council denied plaintiff's request for review. *Id.* at 5-7.

Pursuant to 42 U.S.C. § 405(g), plaintiff requested that this court review the decision of the Commissioner to determine if it complies with applicable law and is supported by substantial evidence. After careful review of the Record and applicable law, this court finds that the decision of the Commissioner does not comply with applicable law.

## STANDARD OF REVIEW

"In Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Frith v. Celebrezze*, 333 F.2d 557, 560 (5th Cir. 1964)). The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Greenspan*, 38 F.3d at 236). "It is 'more than a mere scintilla and less than a preponderance.'" *Id.* (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)). It is "such relevant evidence as a reasonable mind might accept to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In applying the substantial evidence standard, the reviewing court critically inspects the record to determine whether such evidence is

present, "but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461 (citing *Greenspan*, 38 F.3d at 236; *Masterson*, 309 F.3d at 272). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1421, 28 L. Ed. 2d 842 (1971). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez*, 415 F.3d at 461 (citing *Masterson*, 309 F.3d at 272).

## DISCUSSION

The burden of proving that he or she suffers from a disability[1] rests with the claimant. *Perez*, 415 F.3d at 461. The claimant must show that he or she is unable to engage in a work activity "involving significant physical or mental abilities for pay or profit." *Id.* (citing 20 C.F.R. § 404.1572(a)-(b)). The ALJ conducts a five-step sequential analysis to evaluate claims of disability, asking:

> (1) whether the claimant is currently engaged in substantial gainful activity (whether the claimant is working); (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals the severity of an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from doing past relevant work (whether the claimant can return to his old job); and (5) whether the impairment prevents the claimant from doing any other work.

*Id.* (citing 20 C.F.R. § 404.1520). If the claimant meets the burden of proof on the first four steps, the burden shifts to the Commissioner on the fifth step to show that the claimant can perform other substantial work in the national economy. *Id.* "'Once the Commissioner makes this showing, the burden shifts back to the claimant to rebut this finding.'" *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 453 (2000)).

---

[1] A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

3

The analysis ends if the Commissioner can determine whether the claimant is disabled at any step. *Id.* (citing 20 C.F.R. § 404.1520(a)).  On the other hand, if the Commissioner cannot make that determination, he proceeds to the next step. *Id.*  Before proceeding from step three to step four, the Commissioner assesses the claimant's residual functional capacity (RFC).  *Id.* "The claimant's RFC assessment is a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Id.* at 461-62 (citing 20 C.F.R. § 404.1545(a)(1)).  The claimant's RFC is considered twice in the sequential analysis—at the fourth step it is used to determine if the claimant can still do his or her past relevant work, and at the fifth step the RFC is used to determine whether the claimant can adjust to any other type of work. *Id.* at 462 (citing 20 C.F.R. § 404.1520(e)).

Once the claimant has made an appeal, the Appeals Council may decide to grant review, deny review, or dismiss the appeal.  "[W]hen the Appeals Council denies a request for review, the ALJ's decision becomes the Commissioner's final decision." *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005).

Here, the ALJ found that plaintiff was not under a disability within the meaning of the Social Security Act from February 1, 2004 through the date of the decision, December 5, 2006.[2] Transcript at 22.  Specifically, the ALJ found that 1) plaintiff had not engaged in substantial gainful activity since February 1, 2004, the amended alleged onset date; 2) plaintiff's severe impairments included diabetic retinopathy, degenerative arthritis of the right shoulder, anemia, and hypertension; and 3) plaintiff's impairments do not meet or exceed any listed impairment. Transcript at 18-19.  The ALJ concluded, with the aid of a medical expert, that plaintiff's RFC

---

[2] Although the ALJ's decision notes that it considers information through the date of decision, December 5, 2006, the ALJ noted that the claimant met the insured status requirements only through June 30, 2004.  Transcript at 17-18.

allows her to perform sedentary work with limited overhead reaching and with use of a computer for reading.  Transcript at 19.

Based on the assigned RFC, the ALJ determined, with the aid of a vocational expert, that plaintiff could not perform her past relevant work, and so went on to step five of the determination.  *Id.* at 22.  Again enlisting the aid of the vocational expert, the ALJ found that plaintiff could perform the requirements of representative occupations such as food sorter, hardware sorter, and silverware wrapper for which about 160,000 jobs exist nationally.  *Id.* at 21-22.

"In determining whether substantial evidence of disability exists, this court weighs four factors: (1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history."  *Perez*, 415 F.3d at 461.  Before this court, plaintiff argues that the Commissioner's determination is not supported by applicable law and substantial evidence because:

> 1. The ALJ failed to properly perform a function by function assessment of the Plaintiff's Residual Functional Capacity by failing to discuss all of the Plaintiff's exertional and non-exertional limitations in accordance to 20 C.F.R. 404.1545, 416.945; and SSR 96-8p.
>
> 2. The vocational expert testimony upon which ALJ relied is based on a defective hypothetical.
>
> 3. The vocational expert testimony upon which the ALJ's decision is based is facially unreliable as the exertional demands required by a silverware wrapper identified by the VE exceed the limitations contained in the ALJ's hypothetical questions and RFC.
>
> 4. The ALJ failed to elicit a reasonable explanation for the inconsistency between the VE testimony and the information contained in the DOT pursuant to SSR 00-4p.

Doc. 14, at 1.

## I.

Plaintiff asserts first that substantial evidence does not support the ALJ's decision because the ALJ failed to comply with 20 C.F.R. §§ 404.1545 and 416.945, and Social Security Ruling 96-8p. Doc. 14, at 5-7. Plaintiff argues that the ALJ must perform a full function-by-function assessment of a claimant's physical, mental, and sensory abilities, according to Social Security Administration rulings and regulations to accurately determine a claimant's RFC, including a claimant's exertional and non-exertional limitations. *Id.* at 5-6.

Plaintiff argues that the ALJ erred by failing to discuss adequately plaintiff's non-exertional limitations. *Id.* at 6. According to plaintiff, the ALJ failed to discuss plaintiff's visual impairments and limitations such as "poor vision acuity, double vision, poor depth perception, light sensitivity, floaters, limitations in peripheral field, and blur spots." *Id.* Plaintiff states "[a]lthough the ALJ stated 'use of a computer for reading' as a limitation, he merely described a potential work accommodation for the impairment and thus failed to actually define the extent and range of the Plaintiff's visual limitations."[3] *Id.* at 6. Plaintiff alleges that due to the ALJ's failure to specifically delineate her visual limitations, the vocational expert was required to "translate" what the ALJ meant when he limited plaintiff to use of a computer for reading. *Id.*

Plaintiff further argues that had the ALJ performed the proper assessment of her visual limitations, he would have determined she had blur spots or double vision. Plaintiff questioned the vocational expert on cross-exam as to whether these conditions, if found, would preclude her

---

[3] Plaintiff alleges that the ALJ also failed to perform a function by function assessment for any of plaintiff's seven strength demands in determining her RFC was limited to sedentary work with limited overhead reaching, but fails to allege how this prejudiced her case. "Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1998); *see also Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). Plaintiff has failed to demonstrate that her substantial rights have been affected by the ALJ's alleged failure to consider the strength demands.

from performing the representative tasks he suggested she would otherwise be capable of performing. *Id.* at 7. He answered in the affirmative. *Id.*

Looking to Social Security Ruling 96-8p, the court does not find that the ALJ inadequately considered plaintiff's visual limitations. Additionally, according to the Ruling, the ALJ correctly defined plaintiff's RFC prior to questioning the vocational expert when he limited her to "use of a computer for reading." Social Security Ruling 96-8 states: "Medical impairments and symptoms, including pain, are not intrinsically exertional or nonexertional. It is the functional limitations or restrictions caused by medical impairments and their related symptoms that are categorized as exertional or nonexertional." Additionally, "[t]he RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." Social Security Ruling 96-8p. When the ALJ considers non-exertional limitations, he or she considers all work-related limitations and restrictions that do not depend on an individual's physical strength, including visual limitations.

Notably, an ALJ is to express nonexertional capacity *in terms of work-related functions*. *Id.* "For example, in assessing RFC for an individual with a visual impairment, the adjudicator must consider the individual's residual capacity to perform such work-related functions as working with large or small objects, following instructions, or avoiding ordinary hazards in the workplace." *Id.*

In determining plaintiff's RFC, the ALJ expressed plaintiff's visual impairment in terms of a work-related function. Specifically, the ALJ found that plaintiff requires a computer for

7

reading.  Reviewing the ALJ's hearing decision, it is evident that the ALJ did not mention any other visual limitation to a work-related function because he did not find any.

The ALJ was required to consider functional limitations and restrictions resulting from plaintiff's medically determinable impairment or combination of impairments, including the impact of any related symptoms.  Social Security Ruling 96-8.  In determining plaintiff's RFC, the ALJ considered the medical evidence submitted by plaintiff with regard to plaintiff's visual problems, noting plaintiff suffered from proliferative diabetic retinopathy in both eyes with a decrease in visual acuity.  Transcript at 19-20.  The ALJ noted that plaintiff's subjective complaints included problems with light sensitivity, double vision, floaters, and poor depth perception.  *Id.*  Considering the medical evidence and the plaintiff's subjective complaints, the ALJ determined plaintiff's medically determinable impairments would not produce the symptoms at plaintiff's claimed intensity, persistence, and limiting effects.  *Id.*

The record taken as a whole indicates that the ALJ considered plaintiff's subjective complaints, but found that the evidence supported a conclusion that plaintiff's only limitation was the need for a computer for reading.  Accordingly, plaintiff's first claim of error is without merit.

**II.**

Plaintiff next argues that the ALJ based his decision on information elicited from the vocational expert through a defective hypothetical.  Doc. 14, at 7-8.  Specifically, plaintiff argues that the ALJ failed to incorporate all her limitations because he did not include in his hypothetical plaintiff's alleged visual limitations, including floaters, restricted field of vision, and double vision.  *Id.*

As discussed in the previous section, the court finds that substantial evidence supports the ALJ's determination that plaintiff's only work-related limitation with regard to her vision is the need for a computer for reading. In the hypothetical the ALJ posed to the vocational expert, this limitation is included. Transcript at 305. Additionally, the hypothetical posed to the vocational expert and the jobs elicited in response are those adopted by the ALJ in his hearing decision.

For these reasons, the court finds this assignment of error is without merit.

### III.

Finally, plaintiff argues that the vocational expert testimony on which the ALJ relies is facially unreliable as one of the positions elicited in response to the ALJ's hypothetical falls outside the exertional demands of plaintiff's RFC. Doc. 14, at 8-10. Plaintiff notes that, according to the D.O.T. the position of "silverware wrapper" requires a RFC to perform light work, but plaintiff's RFC is limited to sedentary work. *Id.* Plaintiff further observes that the ALJ failed to elicit any explanation for this conflict.[4] *Id.*

In *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000), the Fifth Circuit discussed indirect and implied conflicts between the D.O.T. and the RFC assigned to a claimant. In reaching its conclusion that under certain circumstances an indirect conflict does not warrant remand, the court also addressed, albeit in *dicta*, the approach a trial court should take when a direct conflict is found:

> "Certainly, a vocational expert's erroneous characterization of the exertional level or skills required to perform a particular job calls into question both the probative value and reliability of the expert's testimony. Likewise, an explained discrepancy between the ALJ's determination of the claimant's residual functional capacity and the vocational expert's testimony that the claimant can perform certain

---

[4] Notably, the ALJ's decision states "the impartial vocational expert testified that the testimony given is not in conflict with the Dictionary of Occupational Titles . . . ." However, a review of the hearing transcript shows that the vocational expert never testified on this point. Transcript at 304-14.

> identified jobs with inconsistent skill requirements may require remand for further exploration."

*Carey*, 230 F.3d at 147.

Acknowledging that a direct conflict exists between the exertional capacity required to perform the duties of a silverware wrapper, which requires a RFC to perform work at the "light" exertional level and the RFC of plaintiff, which is limited to sedentary work, the Commissioner argues that substantial evidence still supports the ALJ's decision. Doc. 15, at 7-9. Specifically, the Commissioner notes the ALJ's hypothetical also elicited testimony from the vocational expert that plaintiff could perform the duties associated with the positions of hardware sorter and food sorter, both characterized as sedentary work. *Id.* The Commissioner argues that because plaintiff can perform these jobs, plaintiff is not prejudiced by the errors of the vocational expert and ALJ.

However, the court finds that plaintiff may well be prejudiced by the ALJ and vocational expert's errors. An ALJ is bound by Social Security Ruling 00-4p to determine if a vocational expert's testimony conflicts with the D.O.T. and has an affirmative responsibility to elicit a reasonable explanation for the conflict. 20 C.F.R. § 405.35(b); Social Security Ruling 00-4p. On judicial review, plaintiff establishes prejudice by showing that the ALJ *might* have reached a different conclusion had he adhered to Social Security Ruling 00-4. *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Romine v. Barnhart*, 454 F. Supp. 2d 623 (E.D. Tex. 2006).

Social Security Ruling 96-9p, which dictates considerations an ALJ must make in determining whether a plaintiff can do other work where plaintiff is limited to less than a full range of sedentary work, specifically states: "Most sedentary unskilled occupations require working with small objects. If a visual limitation prevents an individual from seeing the small

objects involved in most sedentary unskilled work . . . there will be a significant erosion of the sedentary occupational base."

When the ALJ determined that a significant number of positions exist for plaintiff in the national economy, he included in that consideration the position silverware sorter, which clearly falls outside plaintiff's RFC. Whether a significant number of sedentary positions similar to the food sorter and hardware sorter positions exist in the national economy depends on the erosion to the sedentary occupational base caused by the visual limitations that the ALJ determined to affect plaintiff. Accordingly, remand is appropriate here so that the ALJ may resolve the unexplained conflict between the vocational expert's testimony adopted by the ALJ in his hearing decision and the D.O.T. If the ALJ determines the conflict cannot be resolved, the ALJ should determine whether jobs exist in the national economy given the visual limitations adopted in plaintiff's RFC and any erosion plaintiff's visual limitations may cause to the remaining occupational base.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Commissioner's determination be AFFIRMED to the extent that plaintiff challenges the ALJ's determination of her RFC.

It is FURTHER RECOMMENDED that the Commissioner's determination be AFFIRMED to the extent that plaintiff challenges the hypothetical question posed by the ALJ to the vocational expert as defective.

IT IS FINALLY RECOMMENDED that the Commissioner's determination be REVERSED to the extent that the ALJ failed at step five of the sequential analysis to resolve a

direct conflict between the testimony of the vocational expert as adopted in the ALJ's hearing decision and the D.O.T. This matter should be REMANDED so that the ALJ may resolve the unexplained conflict between the vocational expert's testimony adopted by the ALJ in his hearing decision and the D.O.T. If the ALJ determines the conflict cannot be resolved, the ALJ should determine whether jobs exist in the national economy given the visual limitations adopted in plaintiff's RFC and any erosion plaintiff's visual limitations may cause to the remaining occupational base.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 29th day of December, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE