RECEIVED
IN LAKE CHARLES, LA.

FEB 24 2010

TONY R. MOORE, CLERK
BY _____
                DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CYNTHIA M. SNYDER | : | **DOCKET NO. 08-CV-621** |
| VS. | : | **JUDGE MINALDI** |
| MICHAEL J. ASTRUE, COMMISSIONER SOCIAL SECURITY ADMINISTRATION | : | **MAGISTRATE JUDGE KAY** |

## JUDGMENT

There being no objection to the proposed findings of fact and conclusions of law in the Report and Recommendation of the Magistrate Judge previously filed herein, these findings and conclusions are accepted. Alternatively, this court concludes that the proposed findings and conclusions are entirely correct. Accordingly, it is

ORDERED, ADJUDGED, and DECREED that the Commissioner's determination is AFFIRMED to the extent that plaintiff challenges the ALJ's determination of her RFC.

IT IS FURTHER ORDERED that the Commissioner's determination is AFFIRMED to the extent that plaintiff challenges the hypothetical question posed by the ALJ to the vocational expert as defective.

IT IS FURTHER ORDERED that the Commissioner's determination is REVERSED to the extent that the ALJ failed at step five of the sequential analysis to resolve a direct conflict between the testimony of the vocational expert as adopted in the ALJ's hearing and the D.O.T. This matter is REMANDED so that the ALJ may resolve the unexplained conflict between the vocational expert's testimony adopted by the ALJ in his hearing decision and the D.O.T. If the ALJ determines that the conflict cannot be resolved, the ALJ should determine whether jobs exist

in the national economy given the visual limitations adopted in plaintiff's RFC and any erosion plaintiff's visual limitations may cause to the remaining occupational base.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this _22_ day of ___July___, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE